UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| STANLEY DARYL WRIGHT, | ) | |
| Petitioner, | ) | 2:09-cv-1992-JCM-GWF |
| vs. | ) | **ORDER** |
| ANTHONY M. SCILLIA, *et al.*, | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. This matter comes before the court on the merits of the petition.

**I. Procedural History**

An information was filed in the Clark County District Court on June 30, 2003, which charged petitioner with the following: (1) first degree kidnaping with the use of a deadly weapon; (2) robbery with the use of a weapon; (3, 4) open or gross lewdness; and (5) attempted sexual assault. (Exhibit 2).[1] At an arraignment held July 23, 2003, petitioner pled not guilty to all charges. (Exhibit 3).

---

[1] The exhibits referenced in this order are found in the court's record at ECF Nos. 11-14.

On May 28, 2004, the state filed a motion to admit evidence of other crimes in an effort to detail at trial facts surrounding petitioner's prior conviction for sexual assault. (Exhibit 4). Various hearings were held on the motion. (Exhibits 5-8). At a hearing on July 12, 2004, the motion was denied. (Exhibit 9).

Jury trial began on August 3, 2004. (Exhibit 10). The trial continued August 4 and 5, 2004. (Exhibits 11 & 12). On August 6, 2004, the jury announced its verdict. (Exhibit 13). Petitioner was found guilty on counts one and two, and not guilty on the remaining counts. (Exhibit 14). Petitioner was not convicted of any charges relating to alleged sexual crimes. The jury instructions were made part of the record. (Exhibit 15).

Sentencing was held on October 11, 2004. (Exhibit 16). A judgment of conviction was filed on October 18, 2004, setting forth the sentence. (Exhibit 17). On count one, petitioner was sentenced to five years to life on the kidnaping, plus an consecutive equal sentence for use of a deadly weapon. On count two, robbery with the use of a deadly weapon, petitioner was sentenced to 36-150 months, plus a consecutive equal sentence for the use of a deadly weapon. Counts one and two run consecutively. (Exhibit 17).

Petitioner filed a timely notice of appeal. (Exhibit 18). On June 29, 2006, the Nevada Supreme Court issued an order of affirmance. (Exhibit 21).

On April 20, 2007, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 22). The state district court denied the petition by order filed September 10, 2007. (Exhibit 24). Petitioner filed a timely notice of appeal. (Exhibit 25). On July 10, 2008, the Nevada Supreme Court entered an order affirming in part, reversing in part, and remanding the case to the state district court. (Exhibit 26). The Nevada Supreme Court granted relief on petitioner's claim that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence regarding the deadly weapon enhancement. (*Id.*). The Nevada Supreme Court determined that where there is no evidence of a deadly weapon, other than the defendant's statement that he has one, the evidence cannot

support a finding that a deadly weapon was used during the offense. Petitioner's case was remanded with instructions to vacate the deadly weapon enhancements. (*Id.*).

Petitioner proceeded to further challenge his conviction by filing a motion to set aside verdict on July 25, 2008. (Exhibit 27). A supplement to that motion was filed on August 4, 2008. (Exhibit 28). The motions were denied, although it does not appear that a written order was filed. On August 14, 2008, an amended judgment of conviction was filed in which the deadly weapon enhancements were removed. (Exhibit 30).

On August 29, 2008, petitioner filed a second post-conviction state habeas petition. (Exhibit 31). The state district court entered an order denying the petition on December 16, 2008. Petitioner appealed. (Exhibit 34). On September 23, 2009, the Nevada Supreme Court issued an order of affirmance. (Exhibit 35).

Petitioner dispatched his federal habeas petition to this court on October 7, 2009. (ECF No. 6, at p. 1). The federal habeas petition contains five grounds for relief. (ECF No. 6). Respondents filed an answer on March 22, 2010. (ECF No. 10). By order filed February 9, 2011, this court *sua sponte* granted petitioner leave to file a late reply. (ECF No. 20). Despite that fact, petitioner has not filed a reply to the answer.

**II. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), at 28 U.S.C. § 2254(d), provides the legal standard for the court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

        (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693-694 (2002). A state court decision is contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254, "if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Lockyer v. Andrade,* 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor,* 529 U.S. 362, 405-406 (2000) and citing *Bell v. Cone,* 535 U.S. 685, 694 (2002)).

A state court decision is an unreasonable application of clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254(d), "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade,* 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413). The "unreasonable application" clause requires the state court decision to be more than merely incorrect or erroneous; the state court's application of clearly established federal law must be objectively unreasonable. *Id.* (quoting *Williams*, 529 U.S. at 409).

In determining whether a state court decision is contrary to, or an unreasonable application of federal law, this court looks to the state courts' last reasoned decision. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000), *cert. denied*, 534 U.S. 944 (2001). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**III. Discussion**

4

### A. Ground One

Petitioner claims his due process rights were violated when the trial court found him guilty of kidnaping and robbery both "with the use of a deadly weapon," where there was no evidence of a deadly weapon except for petitioner's own statements. Petitioner argues that such evidence is insufficient to find that he used or possessed a deadly weapon beyond a reasonable doubt. (ECF No. 6, at pp. 3-4). These underlying facts led the Nevada Supreme Court to grant relief on petitioner's ineffective assistance of counsel claim in his first state habeas petition. (Exhibit 26, at pp. 5-6). Ground one of the federal petition is an independent due process claim that includes facts and arguments presented in his first state habeas petition. (ECF No. 6, at pp. 3-4; Exhibit 22, at p. 8). Respondents argue that ground one of the federal petition was procedurally defaulted in state court. Although the Nevada Supreme Court granted relief on the ineffective assistance of counsel version of this claim, it noted that the independent due process version of the claim was procedurally barred by NRS 34.810(b). (Exhibit 26, at p. 6, n.15).

#### 1. Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). Ineffective assistance of counsel may satisfy the cause requirement to overcome a procedural default. *Murray*, 477 U.S. at 488. However, for ineffective assistance of counsel to satisfy the cause requirement, the independent claim of ineffective assistance of counsel, itself, must first be presented to the state courts. *Murray*, 477 U.S. at 488-89. In addition, the independent ineffective assistance of counsel claim cannot serve as cause if that claim is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**2. Ground One was Procedural Defaulted in State Court on Independent and Adequate State Grounds**

In ground one, petitioner claims that his due process rights were violated when the trial court found him guilty of kidnaping and robbery both "with the use of a deadly weapon," where there was no evidence of a deadly weapon except for petitioner's own statements. (ECF No. 6, at pp. 3-4).

1  Petitioner raised the same claim in his first state habeas petition. (Exhibit 22, at pp. 8-9). On appeal
2  from the denial of petitioner's state habeas petition, the Nevada Supreme Court found this claim
3  procedurally defaulted. Although the Nevada Supreme Court granted relief on the ineffective
4  assistance of counsel version of this claim, it noted that the independent due process version of the
5  claim was procedurally barred by NRS 34.810(b). (Exhibit 26, at p. 6, n.15). The Ninth Circuit
6  Court of Appeals has held that, at least in non-capital cases, application of the procedural bar at issue
7  in this case -- NRS 34.810 -- is an independent and adequate state ground. *Vang v. Nevada*, 329 F.3d
8  1069, 1073-75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210-12 (9th Cir. 1999).
9  Ground one of the federal petition was procedurally defaulted in state court on independent and
10 adequate grounds, and this federal court is barred from reviewing the claim.

### 3. Cause and Prejudice

Petitioner did not reply to the answer, thus, petitioner has not addressed the issue of procedural default and has not asserted any reason for his failure to properly raise this claim. Neither the petition itself, nor petitioner's other filings address the procedural default of ground one or asserts any argument of cause and prejudice to excuse the procedural default. This court finds that ground one of the petition was procedurally defaulted in state court. As such, the claim is barred from review by this court, and will be dismissed.

### 4. Mootness

Additionally, this court notes that ground one of the federal petition is moot because the Nevada Supreme Court held that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence as to the deadly weapon enhancements, and vacated such enhancements. (Exhibit 26, at pp. 5-7). The record indicates that petitioner is currently in custody pursuant to the amended judgment of conviction, which does not include enhancements for use of a deadly weapon. (Exhibit 30). This court denies habeas relief on ground one of the federal petition.

/ / / / / / / / / /

**B. Ground Two**

Petitioner claims that his trial counsel was ineffective for failing to either submit contradictory statements of the victim into evidence, or to call Officer Solano to testify about those inconsistencies. (ECF No. 6, at pp. 6-8).

### 1. Ineffective Assistance of Counsel Standard

Ineffective assistance of counsel claims are governed by the two-part test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a petitioner claiming ineffective assistance of counsel has the burden of demonstrating that (1) the attorney made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense. *Williams v. Taylor,* 529 U.S. 362, 390-391 (2000) (citing *Strickland,* 466 U.S. at 687). To establish ineffectiveness, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* To establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* Additionally, any review of the attorney's performance must be "highly deferential" and must adopt counsel's perspective at the time of the challenged conduct, in order to avoid the distorting effects of hindsight. *Strickland,* 466 U.S. at 689. It is the petitioner's burden to overcome the presumption that counsel's actions might be considered sound trial strategy. *Id.*

Ineffective assistance of counsel under *Strickland* requires a showing of deficient performance of counsel resulting in prejudice, "with performance being measured against an 'objective standard of reasonableness,'. . . 'under prevailing professional norms.'" *Rompilla v. Beard,* 545 U.S. 374, 380 (2005) (quotations omitted). If the state court has already rejected an ineffective assistance claim, a federal habeas court may only grant relief if that decision was contrary

to, or an unreasonable application of the *Strickland* standard. *See Yarborough v. Gentry,* 540 U.S. 1, 5 (2003). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.*

The United States Supreme Court has described federal review of a state supreme court's decision on a claim of ineffective assistance of counsel as "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 112-113, 129 S.Ct. 1411, 1413 (2009)). In *Cullen v. Pinholster*, the Supreme Court emphasized that: "We take a 'highly deferential' look at counsel's performance . . . . through the 'deferential lens of § 2254(d).'" *Id.* at 1403 (internal citations omitted). Moreover, federal habeas review of an ineffective assistance of counsel claim is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 131 S.Ct. at 1398-1401. The United States Supreme Court has specifically reaffirmed the extensive deference owed to a state court's decision regarding claims of ineffective assistance of counsel:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.* at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S. at ___, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S. at ___, 129 S.Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Harrington v. Richter*, ___U.S. ___, 131 S.Ct. 770, 788 (2011). "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." *Id.* (internal quotations and citations omitted).

9

The *Strickland* standard also applies to claims of ineffective appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Appellate counsel has no constitutional duty to raise every non-frivolous issue requested by the client. *Jones v. Barnes*, 463 U.S. 745, 751-54 (1983). To state a claim of ineffective assistance of appellate counsel, a petitioner must demonstrate: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and (2) that the resulting prejudice was such that the omitted issue would have a reasonable probability of success on appeal. *Id.* "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. *Id*. at 751-52. Petitioner must show that his counsel unreasonably failed to discover and file nonfrivolous issues. *Delgado v. Lewis*, 223 F.3d 976, 980 (9th Cir. 2000). It is inappropriate to focus on what could have been done rather than focusing on the reasonableness of what counsel did. *Williams v. Woodford*, 384 F.3d 567. 616 (9th Cir. 2004) (citation omitted).

**2. Analysis of Ground Two**

The claim in ground two of the federal petition was presented in petitioner's first state habeas petition and was considered by the Nevada Supreme Court. The Nevada Supreme Court rejected the claim, finding and holding:

> First, appellant claimed that his trial counsel was ineffective for failing to impeach the victim with discrepancies between the victim's testimony at trial and the victim's voluntary statements to police. Specifically, appellant claimed that in the prior statements that in the prior statements to police the victim did not mention that appellant had a knife or threatened him with a knife whereas at trial the victim testified that appellant told him that he had a knife and threatened to stab, hurt, or kill the victim with the knife. Appellant also claimed that in a voluntary statement to the police the victim stated that after he gave appellant the money from the ATM the victim seemingly got into the vehicle of his own accord whereas at trial the victim testified that after giving appellant the money appellant would not let him leave and ordered him back into the vehicle. Appellant failed to demonstrate that he was prejudiced. Appellant failed to demonstrate that had trial counsel attempted to impeach the victim with these discrepancies that there was a reasonable probability of a different result at trial given the

10

> testimony of the victim and the testimony regarding appellant's various statements to the police. Therefore, we conclude that the district court did not err in denying this claim.
>
> Second, appellant claimed that his trial counsel was ineffective for failing to call Officer Eric Solano, the police officer who took appellant's handwritten voluntary statement, as a witness. Appellant claimed that Officer Solano would have disclosed that the victim did not initially claim that appellant had told the victim he had a knife or threatened him with a knife. Appellant failed to demonstrate that his trial counsel's performance was deficient or that he was prejudiced. Appellant failed to demonstrate that Officer Solano would have testified to these facts. More importantly, appellant failed to demonstrate that any testimony from Officer Solano on this point would have had a reasonable probability of altering the outcome of the trial. The decision of which witnesses to call is a strategic decision; tactical decisions of counsel are virtually unchallengeable absent extraordinary circumstances, and appellant demonstrated no such extraordinary circumstances here. Therefore, we conclude that the district court did not err in denying this claim.

(Exhibit 26, at pp. 2-3) (footnotes omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). The Nevada Supreme Court cited to and applied the correct federal standard of *Strickland v. Washington*, 466 U.S. 668 (1984). (Exhibit 26, at pp. 2-3). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied on ground two of the federal petition.

**C. Ground Three**

Petitioner claims that appellate counsel was ineffective for failing to raise either of the claims in ground one or two of the federal petition on direct appeal. (ECF No. 6, at p. 7).

Relief was granted in state court on the first component of this claim – the Nevada Supreme Court held that appellate counsel was ineffective for failing to challenge the sufficiency of the evidence as to the deadly weapon enhancements, and vacated such enhancements. (Exhibit 26). The record indicates that petitioner is currently in custody pursuant to the amended judgment of

1 | conviction, which does not include enhancements for use of a deadly weapon. (Exhibit 30). As such, the claim is moot.

As to appellate counsel's failure to challenge trial counsel's effectiveness during the direct appeal, the Nevada Supreme Court properly noted that, under state law, claims of ineffective assistance of counsel cannot be raised on direct appeal. (Exhibit 26, at p. 4, citing *Feazell v. State*, 111 Nev. 1446, 1449, 906 P.2d 727, 729 (1995)). Appellate counsel was not ineffective for failing to challenge trial counsel's effectiveness during the direct appeal, as such a claim would have no chance of succeeding on a direct appeal. This court denies habeas relief on ground three of the federal petition.

**D.  Ground Four**

Petitioner claims that the trial court erred by failing to grant his challenge for cause to a juror. (ECF No. 6, at pp. 12-13). The Nevada Supreme Court addressed this claim on direct appeal and rejected the claim:

> First, Wright contends that the district court erred when it denied his challenge for cause to a prospective juror who was later excused peremptorily. Our review of the record reveals that none of the prospective jurors that Wright challenged for cause were seated on the jury. We conclude that an impartial jury was seated and we decline determination of whether the district court erred in denying Wright's challenge for cause.

(Exhibit 21, at p. 1) (footnote omitted). The factual findings of the state court are presumed correct. 28 U.S.C. § 2254(e)(1). The Nevada Supreme Court cited to and applied the correct federal standard of *Ross v. Oklahoma,* 487 U.S. 81, 88 (1988). (Exhibit 21, at p. 1). Petitioner has failed to meet his burden of proving that the Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court, or that the ruling was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Habeas relief is denied on ground four of the federal petition.

**E. Ground Five**

Petitioner contends that a jury instruction on insanity (instruction #26) was mistakenly given to the jury, thus violating the law. (ECF No. 6, at pp. 15-17).

To obtain federal habeas relief based on an improper jury instruction, petitioner must establish that the instruction so infected the entire trial that the resulting conviction violates due process. *Masoner v. Thurman*, 996 P.3d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62, 72 (1991); *Henderson v. Kibbe,* 431 U.S. 145, 154 (1977). Demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment requires the court to determine "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process," not whether the instruction is "undesirable, erroneous, or even universally condemned." *Henderson v. Kibbe,* 431 U.S. at 154 (citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 72 (1991). In reviewing jury instructions, the court inquires as to whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation. *U.S. v. Garcia-Rivera,* 353 F.3d 788, 791 (9th Cir. 2003) (citing *United States v. Frega,* 179 F.3d 793, 806 n.16 (9th Cir. 1999) (internal citations omitted). The question is whether an instruction so infected the entire trial that the resulting conviction violated due process. *Estelle*, 502 U.S. at 72. An instruction may not be judged in isolation, "but must be considered in the context of the instructions as a whole and the trial record." *Id.* Furthermore, jurors are presumed to follow the instructions that they are given. *U.S. v. Olano,* 507 U.S. 725, 740 (1993).

Petitioner argued in his direct appeal that the jury instruction on insanity (instruction #26) was mistakenly given to the jury. The Nevada Supreme Court noted that it was erroneous for the district court to give the instruction, but that "because no evidence was adduced at trial to indicate that Wright was insane or Wright did not argue that he was insane at the time he committed the charged offenses, we conclude that the erroneous jury instruction constituted harmless error." (Exhibit 21, at p. 2) (footnote omitted). This court finds that the insanity instruction, although

13

1  erroneously given, did not so infect the entire trial that the resulting conviction violates due process.

2  *See Masoner v. Thurman*, 996 P.3d 1003, 1006 (9th Cir. 1993); *Estelle v. McGuire*, 502 U.S. 62, 72

3  (1991). Moreover, the error was harmless because the inclusion of the jury instruction did not result

4  in a "substantial and injurious effect or influence in determining the jury's verdict." *Brecht v.*

5  *Abramson*, 507 U.S. 619, 623 (1993). Petitioner has failed to meet his burden of proving that the

6  Nevada Supreme Court's ruling was contrary to, or involved an unreasonable application of, clearly

7  established federal law, as determined by the United States Supreme Court, or that the ruling was

8  based on an unreasonable determination of the facts in light of the evidence presented in the state

9  court proceeding. Habeas relief is denied on ground five of the federal petition.

10  **IV. Certificate of Appealability**

11  In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28

12  U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951

13  (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a

14  petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a

15  certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84

16  (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's

17  assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In

18  order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are

19  debatable among jurists of reason; that a court could resolve the issues differently; or that the

20  questions are adequate to deserve encouragement to proceed further. *Id.*

21  Pursuant to the December 1, 2009 amendment to Rule 11 of the Rules Governing Section

22  2254 and 2255 Cases, district courts are required to rule on the certificate of appealability in the

23  order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice

24  of appeal and request for certificate of appealability to be filed. Rule 11(a). This court has

25  considered the issues raised by petitioner, with respect to whether they satisfy the standard for

26

issuance of a certificate of appealability, and determines that none meet that standard.  The court will therefore deny petitioner a certificate of appealability.

**V.  Conclusion**

    **IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is **DENIED IN ITS ENTIRETY**.

    **IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

    **IT IS FURTHER ORDERED** that the clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

    Dated this   12th   day of March, 2013.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

15